988

25 C.C.P.A.(Patents)

## In re ZELENKO.
### Patent Appeal No. 3885.

Court of Customs and Patent Appeals.
Feb. 28, 1938.

GARRETT, Presiding Judge, and LENROOT, Associate Judge, dissenting.

———————◆———————

J. Preston Swecker, of Washington, D. C. (Frank J. Schraeder, Jr., of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

All of appellant's claims, three in number, in an application for a patent relating to a dye starch, were rejected by the Primary Examiner of the United States Patent Office, and upon appeal the said rejection was affirmed by the Board of Appeals. From the decision of the Board, appellant has here appealed.

The three claims involved follow:

"13. A dye starch for fabric consisting of a mixture of starch and coloring matter fugitive to washing of a character such that the coloring matter will be substantially entirely washed out of such a starched fabric in laundering.

"14. A dye starch for fabric consisting of a mixture of starch and coloring matter fugitive to washing of a character such that the mixture will be entirely washed out of such a starched fabric in laundering the fabric, as distinguished from being only partly washed out.

"15. A dye starch for cotton fabric consisting of a mixture of starch and aniline coloring matter fugitive to washing of a character such that the mixture will be entirely washed out of such a starched fabric in laundering, said starch and aniline coloring matter being mixed approximately in the proportions of 100 pounds of starch to from approximately 1 to 4 ounces of coloring matter."

The references relied upon are: Kretschmar "Yarn and Warp Sizing"(1911), pp. 160–168; Taney, 577,969, March 2, 1897; Cornelison, 854,332, May 21, 1907; MacKenzie, 1,117,873, November 17, 1914; Schwarz, 992,270, May 16, 1911; Capitaine (British) 5,260, of 1884; Willcox (British) 18,073, of 1889; Potter et al. (British) 18,-258 of 1894; Newbery et al. (British) 16,-774, of 1914.

The alleged invention relates to a dye starch for the coloring and starching of cotton or other textile materials, and is said to be especially suitable for articles such as curtains, lace, and the like. There seem to be two main ideas expressed by the claims: First, that a dye is combined with the starch; second, that the dye used must be such a one as may be readily washed out in laundering.

It will be noticed that claim 13 calls for a combination of dye and starch; the dye consisting of a coloring matter which will be "substantially entirely washed out * * * in laundering."

Claim 14 requires that the dye be "entirely washed out" in laundering as distinguished from being only partly washed out as is stated in claim 13. We see no material distinction between the two claims.

Claim 15 calls for a mixture of dye and starch and gives the proportions as approximately "100 pounds of starch to from approximately 1 to 4 ounces of coloring matter."

Appellant's specification states that, "To vary the shades of color, the amounts of the coloring dyestuffs may, obviously, be varied." Since it is not claimed that the proportion of ingredients expressed in claim 15 is critical or that the result is anything more than claims 13 and 14 call for, it is thought that there is no substantial distinction to be made here between the claims.

The Examiner used the Kretschmar article on "Yarn and Warp Sizing," supra, as the principal reference. In chapter 6 of this article is found the following, part of which was quoted by the Examiner:

"Probably the idea of combined dyeing and sizing took its rise in the practice of adding blue to the size with a view to obtaining a white effect; and from this was developed in later years the conception of producing other colours in the same way, especially when these were not required to stand any severe tests. It was not, however, until the development of the dyestuff industry had placed on the market products capable of dyeing cotton direct and without any mordant, that the idea in question could be carried into practice. At present a large number of weaving factories use warps and yarns that have been dyed in sizing, and manufacture a large variety of fabrics therefrom. The chief advantage of this combined process resides in the question of cost—a point that is by no means to be despised, when it is remembered that nearly the whole expense of dyeing is saved, without lowering the output from the sizing process.

"* * * These products must not be expected to offer any special resistance to subsequent treatment with liquids, such as washing, the action of rain, etc., though they may stand air, light, heat, etc., just as well as if dyed before sizing. Hence dyed yarns of this kind are used for carpets (back warps), trimmings, and decorative or upholstery fabrics, and other double materials.

"* * * Dyeing in the size is mostly practiced in the case of the above-mentioned yarns, or such as are only very lightly dyed and are not required to be particularly fast to washing and the action of water. This process can be employed to a certain extent to produce imitations of a number of other articles."

It will be noticed that the Kretschmar article emphasizes the advantage of combining the processes of dyeing and sizing at the same time. The article teaches the use of a dye which was said to be more satisfactory than dye used in the prior art. It teaches that in carpets and other such articles it was important to use a dye which would be fast to air, light, heat, etc., and that it was not important that it be "particularly fast to washing and the action of water."

Some of the references, and we will not here discuss them all in detail, show it to be old to combine dye, fast in character, with starch. Some of them show that it is sold to combine blueing and starch for the purpose of sizing the article, and at the same time, by the addition of the blueing material, giving the article an additional whitened appearance.

We have given careful consideration to the arguments of appellant and his discussion of the various references, but we are not impressed with the contention that he has done anything more in the production of his dye starch than what would be obvious to one who was familiar with the teachings of the references cited. In view of the fact that Kretschmar definitely points out that the dye to be used is one which is not fast to washing or rain, it would seem to suggest that any one wanting a dye which was fugitive to washing could select any of those recommended in the Kretschmar article, or could select any other dye or coloring matter with this desired property. It is not urged that dyes or coloring materials fugitive to washing are new. In fact, appellant's principal contention here is that his alleged invention rests in the combination of a dye, fugitive to washing, and a sizing material.

The Board of Appeals, in a very brief opinion, affirmed the Examiner, and said, in part: "It is our opinion with the art before us that it would be lacking in invention to combine with starch a coloring matter fugitive to washing in view of the early teaching of Kretschmar and in view of the fact that coloring matter fugitive to washing is old and starches combined with coloring matter capable of forming an aqueous solution are also old (see British patent No. 5,260 and Cornelison No. 854,332). We consider it is purely a matter of choice as to the particular coloring matter to be united with the starch."

We think that this statement is a complete answer to the contentions of appellant. The decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, and LENROOT, Associate Judge, dissent.